UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY CEASER LEWIS,

      Plaintiff,

      v.

STATE OF CALIFORNIA, et al.,

      Defendants.

No. C 15-3435 NC (PR)

**ORDER TO SHOW CAUSE**

    Plaintiff Anthony Ceaser Lewis, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1]  For the reasons stated below, the court orders plaintiff to show cause why his motion for leave to proceed in forma pauperis ("IFP") should not be denied, and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

    The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[1] Plaintiff has consented to magistrate judge jurisdiction.  (Compl. at 4.)

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in this case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the court believes the following federal district court dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Lewis v. Delarosa*, No. 15-2689 NC (pr) (N.D. Cal. dismissed October 13, 2015) (dismissing civil rights complaint for failure to state a claim); (2) *Lewis v. Department of Justice*, No. 08-1361 WHA (pr) (N.D. Cal. dismissed March 13,

2008) (dismissing civil rights complaint for failure to state a claim); (3) *Lewis v. Swieghiet*, No.07-5614 WHA (pr) (N.D. Cal. dismissed February 25, 2008) (dismissing civil rights complaint based on *Heck v. Humphrey*, 512 U.S. 477 (1994)); (4) *Lewis v. Curtis*, No. 08-0712 WHA (pr) (N.D. Cal. dismissed February 12, 2008) (dismissing civil rights complaint for failure to state a claim because defendant had absolute immunity); and (5) *Lewis v. Allen-Hendrix*, No. 08-0711 WHA (pr) (N.D. Cal. dismissed February 12, 2008) (dismissing civil rights complaint based on *Heck*).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007), plaintiff is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If plaintiff is so inclined, he may avoid dismissal by paying the $400.00 filing fee. In any event, the court will continue to review under section 1915(g) all future actions filed by plaintiff while he is incarcerated and in which he seeks IFP status.

Failure to file a timely response or failure to pay the full filing fee in will result in the dismissal of this action without further notice to plaintiff.

IT IS SO ORDERED.

DATED: November 17, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge