IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY CEASAR LEWIS, | ) | No. C 15-3435 NC (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL |
| v. | ) ) ) | |
| STATE OF CALIFORNIA, et al., | ) ) | |
| Defendants. | ) ) | |

    Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights case under 42 U.S.C. § 1983.  Plaintiff has also filed a motion for leave to proceed in forma pauperis ("IFP").  (Docket No. 2.)  On November 17, 2015, the court issued an order to plaintiff to show cause why plaintiff's motion should not be denied pursuant to 28 U.S.C. § 1915(g), or why plaintiff should not pay the full filing fee.  Plaintiff has not filed a response.  For the reasons stated below, the court DENIES plaintiff's motion for leave to proceed IFP, and DISMISSES this action without prejudice.

**DISCUSSION**

    The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

The court previously notified plaintiff that plaintiff has had at least three prior prisoner actions that were dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The following federal district court dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Lewis v. Delarosa*, No. 15-2689 NC (pr) (N.D. Cal. dismissed October 13, 2015) (dismissing civil rights complaint for failure to state a claim); (2) *Lewis v. Department of Justice*, No. 08-1361 WHA (pr) (N.D. Cal. dismissed March 13, 2008) (dismissing civil rights complaint for failure to state a claim); (3) *Lewis v. Swieghiet*, No.07-5614 WHA (pr) (N.D. Cal. dismissed February 25, 2008) (dismissing civil rights complaint based on *Heck v. Humphrey*, 512 U.S. 477 (1994)); (4) *Lewis v. Curtis*, No. 08-0712 WHA (pr) (N.D. Cal. dismissed February 12, 2008) (dismissing civil rights complaint for failure to state a claim because defendant had absolute immunity); and (5) *Lewis v. Allen-Hendrix*, No. 08-0711 WHA (pr) (N.D. Cal. dismissed February 12, 2008) (dismissing civil rights complaint based on *Heck*). Plaintiff has not objected to, or otherwise refuted, that the

above-referenced dismissals are "strikes" for purposes of section 1915(g).

    Despite having had three strikes pursuant to section 1915(g), plaintiff may still be able to proceed IFP if he can show that he is in imminent danger of serious physical injury. Plaintiff has the burden of proving that he satisfies this exception to section 1915(g) by demonstrating that he is in imminent danger of serious physical injury. The plain language of the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See id.* and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis). The court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g.*, *id.* at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to allege[] an ongoing danger – the standard adopted by the Eighth Circuit – is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation marks omitted).

    Here, plaintiff has not suggested that he was under imminent danger of serious physical injury. Thus, he has not satisfied his burden to show that he is entitled to the exception to section 1915(g). In addition, the court has reviewed plaintiff's complaint, and nothing in the complaint suggests that plaintiff faced any "ongoing danger" of serious physical injury sufficient to "meet the imminence prong of the three-strikes exception" at the time plaintiff filed his complaint. *Id.* at 1057. Plaintiff's main complaint is that a

1  photograph of him was located during an internet search, and he believes that it should
2  not be public.
3      Plaintiff's allegation is insufficient to show that plaintiff was "under imminent
4  danger of serious physical injury" at the time he filed his complaint. *See Andrews*, 493
5  F.3d at 1055 (explaining that the exception to the three-strikes rule applies only "if the
6  complaint makes a plausible allegation that the prisoner faced 'imminent danger of
7  serious physical injury' at the time of filing").
8      Accordingly, plaintiff has not shown that he is entitled to the imminent danger
9  exception under section 1915(g) to avoid dismissal without prejudice.

## CONCLUSION

11     Plaintiff's motion to proceed IFP is DENIED.  Because plaintiff has not paid the
12  $400.00 filing fee, this action is DISMISSED without prejudice.
13      The clerk shall terminate all pending motions and close the file.
14      IT IS SO ORDERED.

16  DATED:  January 4, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

4